UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ACCESS NOW, INC., a Florida
not-for-profit corporation, and
CHRIST TAVANTZIS, an individual,

       Plaintiffs,

vs.

GUESCH, INC., a Florida corporation,
d/b/a Berkeley Shore Hotel,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ACCESS NOW, Inc. ("Access Now"), and CHRIST TAVANTZIS ("Tavantzis"), sue Defendant, GUESCH, INC. (the "Defendant"), a Florida corporation, d/b/a Berkeley Shore Hotel and allege:

### JURISDICTION AND THE PARTIES

1.    This is an action for declaratory and injunctive relief based on defendant's refusal to correct an unreasonably dangerous and unsafe condition for disabled guests, in violation of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred, and the real property is located within this Judicial District.

4. Tavantzis is a Miami, Florida resident and is a qualified disabled person under the ADA as he is substantially limited in the major life activity of walking. Tavantzis uses a wheelchair primarily for mobility.

5. Plaintiff, Access Now is a Florida not-for-profit corporation which is organized and existing in the State of Florida ("Association"). It is a national advocacy organization whose members include qualified persons with disabilities under the ADA and their non-disabled allies. Access Now is engaged in seeking compliance with the ADA through educational efforts to correct violations when found, and when necessary and appropriate, in litigation to require persons and entities in violation of the ADA to comply with the Act. One of the primary purposes of the Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, and to assure that its members are not discriminated against because of their disabilities, or denied the benefits of the services, programs, and activities of public accommodations. Access Now and its members continue to be discriminated against by the lack of compliance at Defendants' medical office building. The Association also has been discriminated against because of its association with members and their claims.

6. Defendant is a Florida for profit corporation that owns and operates the Berkeley Shore Hotel (the "Hotel") located at 1610 Collins Avenue, Miami Beach, Florida.

## FACTS

7. Recently Tavantzis attempted to access the Hotel in order book a future reservation, but was unable to do so due to the existence of significant architectural barriers.

8. During his visit to the Hotel, Tavantzis personally encountered numerous and serious architectural barriers to access, which include but are not limited to the following:

    A. Non-Compliant Paths of Travel. There are no accessible routes/paths of travel leading from the parking lot or the public rights-of-way to the Hotel entrance due to the presence of steps.

    B. Non-Compliant Front Entrance. The front entrance also has steps making it inaccessible to a wheelchair user. The front entrance door handles are also non-complaint.

    C. Non-Compliant Parking. There is no designated accessible disabled parking provided on the shortest accessible route into the Hotel.

9. On information and belief, the Hotel does not provide designated accessible guest rooms for the disabled. There are no accessible elements in the guest rooms and the bathrooms are too small to accommodate a wheelchair. On information and belief, the public restroom is also inaccessible to wheelchair users.

10. Upon information and belief, the Defendant has been provided with previous notice regarding the above described ADA barriers/violations. Despite requests to remove these ADA barriers/violations, the Defendant has failed to take corrective action.

11. Tavantzis has reasonable grounds for believing that he will be subjected to discrimination in violation of the ADA due to his knowledge of significant architectural barriers to access throughout the Hotel.

12. If such architectural barriers to access did not exist, Tavantzis would patronize the Hotel in the future.

## **COUNT I – VIOLATION OF THE ADA**

Paragraphs 1 – 12 are realleged and incorporated as if fully set forth herein.

13.   The Hotel is a place of public accommodation; therefore it is subject to Title III of the ADA.

14.   Defendant has discriminated, and continues to discriminate against Tavantzis and other members of Access Now by denying disabled persons access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Hotel as prohibited by 42 U.S.C. § 12182 et seq.; and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

15.   Specifically, the Defendant violates 42 U.S.C. §§ 12182, *et seq.*, and 28 C.F.R. § 36.304 by committing the acts and omissions described in ¶¶ 8-10 *supra.*

16.   On information and belief, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA.

17.   On information and belief, there are other readily achievable barriers that exist in other parts of the Hotel that have not been remedied.

18.   Tavantzis and other members of Access Now with disabilities will continue to be injured by Defendant's failure to comply with the ADA and its continued acts of discrimination.

19.   Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an order to alter the Hotel to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiffs demand judgment against Defendant and request, as injunctive and declaratory relief, that the Court enter an Order:

   A.  Declaring that the Hotel owned by the Defendant is discriminatory and violates the ADA by denying Plaintiffs meaningful access to the Facility;

   B.  Requiring Defendant to alter the Hotel to make it accessible to and usable by Plaintiffs and other individuals with disabilities to the extent required by Title III of the ADA;

   C.  Directing Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures at the Hotel;

   D.  Mandating Defendant to remove all architectural barriers to the extent that it is readily achievable and technically feasible to do so, or provide alternative means when appropriate;

   E.  Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to Plaintiffs;

   F.  Awarding such other relief the Court deems proper; and

   G.  Retaining jurisdiction of this case until the Defendant has fully complied with the orders of this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: November 17, 2011.

                        Respectfully submitted,

                        **DE LA O, MARKO,**
                        **MAGOLNICK & LEYTON**
                        Attorneys for Plaintiff
                        3001 S.W. 3rd Avenue
                        Miami, Florida 33129
                        Telephone: (305) 285-2000
                        Facsimile:  (305) 285-5555

                        By: /s/   Charles D. Ferguson
                              **Charles D. Ferguson**
                              Florida Bar No. 0741531
                              ferguson@dmmllaw.com